**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __12/20/2021_____

| |
|---|
| **TAD TAYLOR,** |
| **Plaintiff,** |
| **-against-** |
| **HOFFMANN-LA ROCHE, INC.,** |
| **Defendant.** |

**21-CV-8008 (ALC)**

**TRANSFER ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff, who is currently incarcerated in the Federal Correctional Institution in Seagoville, Texas, brings this *pro se* action under the Court's diversity of citizenship jurisdiction, alleging that Defendant engaged in deceptive practices and false and misleading advertising in Texas. Named as Defendant is Hoffmann-La Roche, Inc., a multinational drug manufacturer headquartered in Basel, Switzerland. For the following reasons, this action is transferred to the United States District Court for the Eastern District of Texas.

**BACKGROUND**

Plaintiff is currently serving a federal sentence of 20 years' imprisonment after being convicted of conspiracy to distribute Schedule II, III, and IV Controlled Narcotics, specifically "opioids." (ECF 1, at 9); *see also United States v. Taylor*, No. 4:17-CR-0009-1 (E.D. Texas May 5, 2019), *aff'd*, No. 20-40639 (5th Cir. Aug. 12, 2021). Plaintiff alleges that in his criminal case, he was accused of maintaining a "Pill Mill" through "alleged illicit conveyance of prescribed medications outside of Food and Drug Administration (FDA) and Drug Enforcement Administration (DEA) compliance protocols." (ECF 1, at 9.)

In this action, Plaintiff alleges that Defendant engaged in deceptive practices by encouraging physicians to prescribe or administer doses of opioids that exceeded DEA dosing

limits and FDA standards. He alleges that Defendant has violated its "duty of standards and ethics" in having manufactured and marketed Xanax. (*Id.* at 18.) Plaintiff alleges that following Defendant's recommendations and guidance for dosing resulted in a "statutory breach in prescribing protocols" which led to Plaintiff's arrest and conviction. (*Id.*)

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). A defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[1]

Plaintiff filed this complaint regarding events occurring in Texas. Venue is therefore not proper in this District under Section 1391(b)(2). Plaintiff does not provide an address for Defendant in the body of the complaint. But as part of a "Certificate of Service" that Plaintiff attaches to the complaint, he indicates that the complaint should be "forwarded to" Defendant at

---

[1] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

a New York, New York address. (*See* ECF 1, at 24.) Because Plaintiff arguably alleges that Defendant resides in this District, venue may be proper in this district under Section 1391(b)(1).

Even though venue may be proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Texas, where Plaintiff maintained his pain management practice, where he was convicted in connection with the events giving rise to his claims, and where witnesses and documents are likely to be located. Plaintiff's clinic, where the events appear to have occurred, was located in Richardson, Texas. Richardson is divided between Dallas County, which is located in the Northern District of Texas, and Collin County, which is located in the Eastern District of Texas. *See* 28 U.S.C. § 124. Because Plaintiff was convicted in the Eastern District of Texas, it appears that the events giving rise to his claims occurred in the Eastern District of Texas. Venue is therefore proper in the Eastern District of Texas. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of Texas. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Texas. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

**SO ORDERED.**

Dated:   December 20, 2021
         New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**